# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY L. COGBURN, | ) 1:12-cv-01524 GSA |
| Plaintiff, | ) **SCREENING ORDER REGARDING PLAINTIFF'S PRO SE COMPLAINT** |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) (Document 1) |
| Defendant. | ) |

### INTRODUCTION

Plaintiff Jeffrey L. Cogburn filed this action on September 14, 2012. (Doc. 1.) Plaintiff seeks to challenge a denial of Social Security benefits. As discussed below, Plaintiff's complaint will be dismissed because it fails to state a claim. However, Plaintiff will be granted leave to file an amended complaint.

### DISCUSSION

**A.** *Screening Standard*

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) *(citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question ( *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

**B.     *Plaintiff's Allegations***

Plaintiff states he has "been thru two S.S. Hearings and was denied S.S.I." He further contends an appeal was unsuccessful. He claims he has been unable to work since July 2003 after being "sent home by [his] employer, Northrup Grumman" following "five separate work related injuries." A physician associated with the workers' compensation proceedings found he was "unable to ever return to [his] past work due to [his] restrictions, depression, and 24/7 chronic pain." Further, he contends that during the hearings before the Social Security Administration "it was stated that due to [his] injuries and restrictions [he was] unable to work and [was] not qualified for any jobs . . .."

**C.**  *Analysis of Plaintiff's Claims*

    **1.**  **Rule 8(a)**

As Rule 8(a) states that a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. at 45-46. Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678.

In this instance, it is clear that Plaintiff believes that his health conditions prevent him from working. However, other than stating that his Social Security application was denied, referencing a physician's finding from another proceeding, and vaguely referring to "restrictions," depression and pain, Plaintiff has failed to identify with specificity how the Commissioner of Social Security erred when denying his application.

    **2.**  **Exhaustion and Timeliness**

An individual must exhaust administrative remedies in order to challenge the denial of Social Security benefits. Once a denial of benefits is received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. § 904.909. If an adverse decision is rendered, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ issues an adverse decision, an appeal may be filed with the Appeals Council. Any appeal must be filed within sixty days of the ALJ's decision. 20 C.F. R. § 404.968.

Judicial review of the Appeals Council and other Social Security decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

(h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(g).

Section 405(g) and (h) therefore operates as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). As the time limit set forth in Title 42 of the United States Code section 405(g) is a condition on the waiver of sovereign immunity, it must be strictly construed. *Bowen*, 476 U.S. at 479; *see e.g., Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner for untimely filing of one day). Therefore, in order to seek judicial review of a denial of Social Security benefits, an individual must have followed the appeals process outlined above including filing a complaint in the United States District Court within sixty days of receiving an adverse determination from the Appeals Council. Here, while it appears Plaintiff may have appealed the denial of benefits following a hearing or hearings before an ALJ (Doc. 1 at 1 ["I filed for an appeal with S.S. but was denied"]), he has failed to reference the date of any such denial by the Appeals Council. Plaintiff shall clearly indicate the date his appeal was denied by the Appeals Council in any amended complaint.

## CONCLUSION AND ORDER

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Although Plaintiff's complaint contains deficiencies as outlined above, the Court will allow Plaintiff an opportunity to amend the complaint to cure those deficiencies. If Plaintiff chooses to file a first amended complaint, it should bear the docket number assigned in this case and be labeled "First Amended Complaint." Plaintiff is advised that an amended complaint supercedes the original complaint and must be "complete in itself without reference to the prior or superceded pleading." *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

**Plaintiff's amended complaint is due within thirty (30) days of the date of this order. If Plaintiff fails to file an amended complaint, the action will be dismissed for failure to follow a court order**.

IT IS SO ORDERED.

Dated:   September 18, 2012                    /s/ Gary S. Austin
                                         UNITED STATES MAGISTRATE JUDGE